# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**DEXTER LEEMON JOHNSON,**            )
                                      )
          Plaintiff,            )
                                      )
v.                                    )    No. CIV 14-308-RAW-SPS
                                      )
**SGT. COOLEY and**                   )
**BRITTANY JONES,**                   )
                                      )
          Defendants.           )

## OPINION AND ORDER

This action is before the court on Defendant Jones's motion to dismiss, plaintiff's motion for preliminary injunction, and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint (Dkt. 1), his motion for preliminary injunction (Dkt. 6), Jones's motion to dismiss (Dkt. 14), plaintiff's response to the motion (Dkt. 15), and Jones's reply (Dkt. 16).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are OSP Sgt. Cooley and OSP Officer Brittany Jones.[1,2]

Plaintiff alleges that on June 18, 2014, Defendants Jones and Cooley were serving

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] Defendant Cooley could not be served, because was was on extended sick leave. (Dkt. 11). Plaintiff has not attempted again to serve Cooley.

breakfast to the inmates upstairs on NE-6 in alphabetical order of the cell designations. Both defendants skipped plaintiff's cell, making it clear they had no intention of feeding him or his cellmate Nicholas Goosby. He sets forth the facts as follows:

> Filled with anxiety and disappointment, plaintiff bammed on the cell door window and yelled, "Yo Cooley! Yo Cooley, can we get fed?" Defendant B. Jones interjected, "Ya celly said y'all don't wanna get fed cause he always got his dick out when I come by." . . . With mounting irritation, I yelled, "My celly don't speak for me!" Defendant B. Jones cut plaintiff's statement off in mid-sentence and then asserted in a tyrannical tone, "He had his dick out, so y'all not getting fed." Plaintiff retorted, "I don't care about none of that. I wanna get fed." Defendant Cooley chimed in, "I hear you," but made no effort and showed no interest in coming back to feed plaintiff and his cellmate . . . . Accordingly, plaintiff and his cellmate . . . did not get fed breakfast on June 18, 2014.

(Dkt. 1 at 6-7).

Defendant Jones alleges, among other things, that plaintiff has failed to state a claim under the Eighth Amendment.

> . . . [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, 5 (1992); a prison officials's act or omission must result in the denial of "the minimal civilized measures of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). . . .
>
> The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson*, 501 U.S. at 297. To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Ibid*; see also *id*. at 302-03; *Hudson*, 503 U.S. at 8. In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety. *Wilson*, 501 U.S. at 302-03. . . .

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (footnote omitted).

In *Toews v. Milyard*, 563 Fed. Appx. 640 (10th Cir. 2014) (unpublished), a prisoner alleged he was "denied nine consecutive meals over a three-day period." *Id*. at 643. The Tenth Circuit Court of Appeals held that the plaintiff's "disagreement with his conditions of confinement [was] insufficient to state a claim absent facts suggesting an objectively serious problem and a culpable state of mind on the part of prison officials." *Id*. at 645. "A one-time

2

denial of 'nine consecutive meals' during a three-day period for . . . infractions simply does not rise to the level of a constitutional violation in the absence of any of any lasting harm or injury and a culpable state of mind." *Id*. at 646. *See also Anderson-Bey v. Dist. of Columbia*, 466 F. Supp. 2d 51, 63-64 (D.C. Cir. 2006) (holding that denial of food for ten to fifteen hours was insufficient to state an Eighth Amendment claim, especially when the plaintiffs failed to identify any serious harm suffered as a result); *Caldwell v. Caesar*, 150 F. Supp. 2d 50, 65 (D.D.C.2001) (to state an Eighth Amendment claim for deprivation of adequate diet, prisoner must allege the deprivation was "so lacking in nutrition on sufficient occasions as to deprive him of adequate food necessary to maintain his health"); *Gardner v. Beale*, 780 F. Supp. 1073 (E.D. Va. 1991) (holding there was no Eighth Amendment claim stated where prisoner was fed two meals a day for multiple days with an 18-hour gap between meals, but received adequate nutrition and suffered only mental anguish). Here, plaintiff is alleging he missed one breakfast meal on June 18, 2014. For the reasons set forth above, his allegations clearly fail to state a claim under the Eighth Amendment.

Plaintiff also is asking the court to issue a prohibitory injunction, based on an incident on August 8, 2014, when Defendant Jones and her coworker Sgt. Clawson denied the lunch meal to plaintiff and his cellmate. Clawson allegedly told plaintiff the denial was because of "that stuff that went on at last count." (Dkt. 6 at 2). Plaintiff asserts the withholding of food from inmates as a disciplinary or retaliatory measure violates DOC policies and the Eighth Amendment. He is asking the court to issue an injunction against the DOC and the defendants in this case. He also requests to hold the defendants, along with Warden Anita Trammell and DOC Director Robert Patton, in contempt of court for any overt or covert act of harassment or retaliation against plaintiff. He wants the court to prohibit the denial of meals and to require five days of exercise per week. He also requests the court to order three showers a week, access to the courts, not to be sexually harassed, and no tampering with his outgoing and incoming mail.

"An injunction is a drastic and extraordinary remedy, which should not be granted

as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). Furthermore, to be entitled to injunctive relief, the movant must establish a violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976).

As discussed above, plaintiff has not demonstrated an Eighth Amendment violation regarding the missed breakfast meal. Also, the other incidents were not included in his complaint, and he has not named Sgt. Clawson, Warden Trammel, or Director Patton as defendants in this action.

Plaintiff's requested injunctive relief includes a proposal for inmates to obtain actual disciplinary action against staff members who commit DOC policy violations. (Dkt. 1 at 5). This is a disfavored type of mandatory injunction that would require ongoing supervision, *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1261 (10th Cir. 2005), and the Supreme Court repeatedly has held that courts should not substitute their judgment regarding institutional administrative matters, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987). Plaintiff's request for injunctive relief fails.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis

4

either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 24th day of March 2015.

**Dated this 24th day of March, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma